IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>AARON WAGNER, and MICHAEL MAINS<br><br>    Defendants. | ORDER TO CONTINUE JURY TRIAL<br><br>Case No. 2:24-CR-00357-TS<br><br>District Judge Ted Stewart |

   Based on Defendant's Motion to Continue Jury Trial in the above-entitled case, and for good cause appearing, the Court makes the following findings:

   1.  An Indictment was issued on November 6, 2024. Defendant Aaron Wagner first appeared before a judicial officer of the court on October 29, 2024. Defendant Michael Mains first appeared before a judicial officer of the court on December 4, 2024. Trial was initially set for February 3, 2025.

   2.  Defendant Aaron Wagner filed a Stipulated Motion to Continue Jury Trial on October 24, 2025, seeking an ends of justice continuance under to 18 U.S.C. § 3161(h)(7)(A). This is the third request to continue trial in this matter.

   3.  Mr. Wagner asserts that the continuance is necessary because the case is complex and includes numerous financial and business records concerning many individuals, entities, and transactions. Therefore, due to the complexity and the large quantity of records, counsel cannot be prepared to move forward with trial as scheduled. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Mr. Wagner further asserts he has

requested access to certain records from the government that the government has not yet provided, and counsel for all parties involved in the case have numerous scheduling conflicts in the coming months and well into next year. Therefore, Mr. Wagner asserts that failure to continue the trial would deny counsel for Defendant the reasonable time necessary for effective preparation, considering the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

       5.      While the government agrees a continuance is necessary in this case, the parties disagree regarding the necessary length of the continuance. The government asserts that trial could begin as early as January 2026 and any continuance beyond July 2026 would not be justified. The government asserts that it could present its case in chief in approximately seven days.

       6.      Defendants disagree with the government's estimated trial length and argue the trial must be scheduled for four weeks considering the number of witnesses the government intends to call, which the defense intends to cross-examine extensively, and the number of days necessary for Defendants to present their case. Counsel for Mr. Wagner asserts they are not available for a lengthy trial before August 10, 2026, due to various scheduling conflicts, including numerous other trials in which they already scheduled to participate. Counsel for Mr. Mains asserts they are not available for trial before July 6, 2026, for similar reasons, but stipulates to a trial after August 10, 2026, to accommodate Mr. Wagner's counsel.

      Upon review of the parties' respective arguments, the Court is persuaded that trial in January or February would deny counsel the reasonable time necessary for

effective preparation, considering the exercise of due diligence, because of the complexity of the issues and ongoing discovery efforts. 18 U.S.C. §§ 3161(h)(7)(B)(ii), (iv). Additionally, counsel for both Defendants appear to have significant scheduling conflicts in January and February, so scheduling a trial during these months would deny Defendants continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv).

Regarding March and April, Mr. Wagner's counsel is participating in another criminal trial, which is scheduled to begin on March 16, 2026, and conclude at the end of April 2026. Therefore, the Court finds that scheduling a trial during these months would likely make continuation of the trial impossible or result in a miscarriage of justice, as well as deny Mr. Wagner continuity of counsel. 18 U.S.C. §§ 3161(h)(7)(B)(i), (iv).

Counsel for both parties are involved in another trial scheduled to begin on May 11, 2026, and continue for between four and seven days. The parties agree trial cannot occur during this time. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). One attorney for the government has a one-week vacation scheduled to begin on June 17, 2026. Counsel for Mr. Mains has a vacation scheduled on June 20, 2026. Counsel for Mr. Wagner asserts he has significant family commitments during June and July. However, counsel does not explain if the commitments result in their unavailability for the entire months of June and July, or otherwise provide sufficient detail such that the Court could assess if time is excludable during this time frame. Absent such, there appears to be a three-week window beginning May 26, 2026, where there is not a specific scheduling conflict asserted by any of the attorneys involved in the trial. The Court will schedule the trial

during this window. The Court will consider an additional continuance by either party if such is justified under the Speedy Trial Act as the trial draws closer.

Based on the foregoing findings, the Court grants the Motion and will exclude the period of delay between the filing of the Motion to Continue and the new trial date of May 26, 2026, under the Speedy Trial Act. For the reasons explained above, the Court finds that the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(i), (ii), (iv).

THEREFORE, the jury trial previously scheduled to begin on November 3, 2025, is hereby continued to the 26th day of May, 2026, at 8:30 a.m. Accordingly, the time between the filing of the Motion, October 24, 2025, and the new trial date set forth above is excluded from computation under the Speedy Trial Act. The Court will also set a final pretrial conference for April 28, 2026. Finally, the parties have stipulated to the following: motions other than motions in limine are due 90 days before trial is scheduled to begin; and the plea cut-off date shall be 60 days before trial is scheduled to begin.

DATED this 24th day of November, 2026.

_____
Ted Stewart
United States District Judge

4