MELISSA HOLYOAK, United States Attorney (#9832)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
BRENT L. ANDRUS, Assistant United States Attorney (NY 5143474)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
(801) 524-5682

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON A. WAGNER, and<br>MICHAEL MAINS,<br><br>Defendants. | Case No. 2:24-cr-357<br><br>**UNITED STATES' PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR TRIAL ORDER** |

The Defendants move the court not to enter its standard criminal trial order. Instead, they ask the court to enter an order requiring the government – but *not* the defense – to disclose an exhibit list and witness list. ECF No. 139. The Defendants contend this one way disclosure is somehow required for due process and fair notice of the allegations against them. Not so. That claim is contrary to long settled law. As a practical matter, the one-way nature of their request demonstrates such disclosure is not necessary to prepare for trial. Rather, the defense has already received the disclosures need to prepare for trial, and far more.

The United States notes that it frequently agrees with defense counsel to a mutual exchange of exhibit and witness lists. Here, however, defense counsel has shown they are unwilling or unable to provide a reasonably accurate trial witness or exhibit list. Accordingly, the

United States respectfully requests that the Court deny that part of the motion which seeks to impose disclosure obligations on the government, but grant the motion in part by issuing its standard order in criminal trials.

## RELEVANT PROCEDURAL HISTORY

The Grand Jury returned the original indictment in this case on November 6, 2024. ECF No. 22. The Grand Jury returned the Superseding Indictment in this case on April 9, 2025. ECF No. 65. The Superseding Indictment is a twenty-two page speaking indictment. It includes specific dates and amounts of a number of transactions alleged to be part of the charged criminal conspiracies.

In addition, although Rule 16 specifically exempts internal reports from discovery, the United States has produced to the defense approximately 50 internal reports summarizing witness interviews. The United States has also produced hundreds of thousands of records in discovery. Beyond that, the United States long ago provided Mr. Lewis, Michael Mains counsel, with a proffer of evidence outlining some of the key transactions, records, and evidence in this case. The proffer was provided for the limited purpose of assisting Mr. Lewis in understanding some of the key transactions in the case, and is reproduced here for the same purpose. Ex. A.[1]

Of course, the United States also anticipates providing advance notice of intent to use expert testimony, intent to use 404(b) evidence, to rely upon business records certificates to authenticate evidence. At some point before trial, the United States intends to provide *Jencks* statements of those anticipated to testify, although that disclosure is not technically required until after their direct testimony.

[1] This is the outline as provided to Mr. Lewis, incorporating a correction sent to him by email.

With each of its disclosures of discovery materials, the United States has requested reciprocal discovery. The Defendants have produced not a single report on witness interviews. They have produced no copies of any notes reflecting witness statements in any such interviews. They have produced not a single document or record in discovery.

The Defendants first attempted to secure a trial witness by moving to modify the no-contact list condition of pretrial release, so that the United States would be required to identify only those witnesses it deemed necessary for trial. ECF No. 129. In opposition, the United States pointed out that the no-contact list was not discovery device, but a condition for securing the community from the dangers of retaliation or intimidation shown at the bail hearing. ECF No. 131. The United States further pointed out that the defense had presented no new evidence on that point. A week after that, the Defendants filed the instant motion, asking directly for an order directing disclosure of the government's witness and exhibit lists, but not the Defendants'. ECF No. 139.

## LEGAL STANDARDS

There is no Constitutional or statutory right to pretrial disclosure of an exhibit list or a witness list. *United States v. Lewis*, 594 F. 3d 1270, 1280-81 (10th Cir. 2010). "What is most important to trial preparation is not a *list* of documents but the availability of the documents themselves." *Id.* at 1281. Even so, "There is no constitutional barrier to trial courts requiring the mutual disclosure of witnesses." *United States v. Russell*, 109 F. 3d 1503, 1510 (10th Cir. 1997).

## ARGUMENT

### I. Due Process Does Not Require the Government to Disclose an Exhibit List or Witness List

The defense argues that requiring pretrial disclosure of the United States' exhibit and witness lists in the trial order is necessary to ensure that Defendants are "accorded due process

and fair notice of the allegations against them." ECF No. 139. When facing a felony, the fair notice requirements of due process are met by an indictment, not witness and exhibit lists. *United States v. Todd*, 446 F. 3d 1062, 1067 (10th Cir. 2006). "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F. 3d 1062, 1067 (10th Cir. 2006).

The defense presents no authority for their argument that due process further requires disclosure of the government's trial witness and exhibit lists. That claim is directly contrary to the law. *Lewis*, 594 F. 3d at 1280-81 (no Constitutional or statutory right to pretrial disclosure of an exhibit list or witness list in noncapital cases). On the contrary, disclosure of a list of witnesses and documents or other records does not really serve to provide notice of an offense, and would likely be an unacceptable substitute for an indictment.

## II. The United States Has Already Made the Disclosures Necessary to the Defendant's Trial Preparation

Defendants alternatively claim that disclosure of the government's exhibits and witness lists is necessary to "allow[] Defendants to prepare for trial, evaluate evidentiary issues, raise objections before the jury is empaneled, consider stipulations, and avoid unnecessary interruption of trial proceedings." ECF No. 139. Not so. As the Tenth Circuit has observed, what is *necessary* for trial preparation is the disclosure of the relevant records themselves. *Lewis*, 594 F. 3d at 1281.

There is no claim here that the government has failed to disclose the documents and records necessary for trial preparation. In fact, the government has gone beyond its obligations, producing approximately fifty internal summary reports of witness interviews. The defense has had more than a year to digest these witness interview reports.

What's more, they seem to expect the government to be able to prepare for trial without the Defendants' witness and exhibit lists. That belies their claim that disclosures of the government's exhibit list and witness list are *necessary* to their own trial preparation. Such nonmutual disclosures would no doubt *help* the Defendants—as would disclosure of all of the government's trial planning discussions and notes—but that does not make them not *necessary*.

What the defense really wants is to know the government's trial strategy without revealing their own. It appears that the Defendants recognize, as the courts do, that exhibit lists and witness lists reflect the government's trial strategy. *See, e.g., United States v. Gonzalez*, 2020 WL 6158246, *4-*5 (D.D.C. Oct. 21, 2020) (unpublished) (equating demand for government to disclose evidence it intends to use at trial as a demand for its trial strategy); *United States v. Buntyn*, 2020 WL 5657602, *2 (D.N.M. Sept. 23, 2020) (issuance of trial subpoenas *ex parte* is necessary to protect a party from having to disclose its trial strategy or witness list); *United States v. DeLeon*, 428 F. Supp. 3d 698, 715 (D.N.M. 2019) (denying demand that government identify the evidence it intends to use at trial as an unauthorized demand for government's trial strategy); *United States v. Ishak*, 277 F.R.D. 156, 159 (E.D. Va. 2011) (Rule 12(b)(4) is "not designed to aid the defendant in ascertaining the government's trial strategy" and therefore cannot be used to require disclosure of its exhibit and witness lists).

## III. Ordinarily, the United States Encourages a Mutual Exchange, but a Meaningful Exchange Does Not Appear to Be Possible

The United States notes that it often agrees to a mutual exchange of witness and exhibit lists. Although it requires both parties to reveal their trial strategy to some degree, such a mutual exchange is generally advantageous to both parties and to the courts. It facilitates a more seamless trial presentation for all involved. But the United States' most recent experience with

Wagner's counsel's disclosures – and their recent defense of those disclosures[2] – presents reason to doubt that there can be such a meaningful, mutual exchange.

Specifically, in *United States v. Bowser*, Case No. 2:23-cr-281, just a few months ago, Wagner's counsel was representing a different defendant. A mutual exchange of witness lists and exhibits was ordered. Wagner's counsel presented a witness list of 1,800 witnesses. They whittled that down to the unwieldy number of 800 witnesses. Just days before trial, they provided a witness list of sixty-nine potential witnesses. At the close of the government's case, they provided a witness list of approximately thirty-six witnesses. Then, they proceeded to call just eight witnesses.

For purposes of this motion, the United States assumes that Wagner's counsel acted in good faith in the *Bowser* trial. That is, they believed they might call 1,800 trial witnesses. We also assume they could not determine, the day before they started presenting their witnesses, that they would call only eight, not thirty-six. So we must conclude Wagner's counsel will apply the same judgment in any mutual disclosure of exhibit and witness lists here. Indeed, they confirm they still believe they could have done nothing different. ECF No. 136. That is the problem. Blunderbuss lists are meaningless and no help at all.

[continued on next page]

[2] ECF No. 136 (contending the 1,800 name witness list was appropriate because defense counsel believed they would be permitted to call and would call all the people with whom defendants previously did business whom the defendants did not allegedly defraud).

## CONCLUSION

The United States requests that the Court grant the Defendants' motion in part and deny it in part, by entering its standard criminal trial order without imposing the nonmutual obligations on the government that the defense requests.

DATED this 7th day of July, 2026.

MELISSA HOLYOAK
United States Attorney

*/s/Carl D. LeSueur*
CARL D. LESUEUR
BRENT L. ANDRUS
Assistant United States Attorneys